# Lebanon School District, Plff. in Err., *v.* Trustees of the Lebanon Female Seminary.

Sections 13 and 14 of the act of April 14, 1853 (P. L. 403), appropriating the real estate of the Lebanon Female Seminary for common-school purposes, is unconstitutional and void.

An act of assembly passed in 1853 declared that a building belonging to a private academy should be a common school house "upon condition" that the school directors should pay a debt owing by the academy. In an action of ejectment brought by the academy in 1886, *held*, that in the absence of proof that the condition of the act had been fulfilled, and it appearing that in 1870 plaintiff executed to defendant a lease of the building, the plaintiff was entitled to recover.

Where a lease is executed in good faith by the lessor, the tenant is estopped from impeaching his landlord's title

(Argued February 15, 1888. Decided March 5, 1888.)

January Term, 1888, No. 256, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Lebanon County to review a judgment in favor of the plaintiff in an action of ejectment, August term, 1886, No. 216. Affirmed.

This action was brought in August, 1886, by the trustees of the Lebanon Female Seminary, against the Lebanon school district of the city of Lebanon, to recover possession of a lot of ground and buildings thereon erected, situated in the city of Lebanon.

At the trial the following facts appeared:

By an act of assembly, approved April 16, 1838, the plaintiff was incorporated and authorized to hold certain property for school purposes. In 1839 the property in question was conveyed to it and used for school purposes for a number of years. April 14, 1853, an act of assembly was passed, §§ 13 and 14 of which were as follows:

Sec. 13. That the buildings and lot of ground on the southeast corner of Walnut and Water streets, heretofore occupied, owned, and used by the Lebanon Female Seminary, be and the

same is hereby declared to be a common school house, and to be used and taken into possession by the school directors of said borough of Lebanon, upon condition that the said board of school directors pay a debt of $450 owing by said seminary to the Lebanon academy.

Sec. 14. That if at any time hereafter the present trustees of the said female seminary shall find it to be to the interest of the cause of education, they shall have the right to resume the said property for the purpose of re-establishing the said female seminary in the said building, but for no other use or purpose whatever, and especially not to be used as a dwelling for the family of the teacher or any other person.

On August 22, 1870, the plaintiff leased to the defendant the property in question for five years upon the following terms and conditions:

"First. The said school directors shall put, keep, and maintain a female high school in the said brick building for the term of five years aforesaid; make the necessary repairs to the building, lay the pavement, and keep the property in all particulars in good condition. Second. The said school directors, party of the second part, shall cause to be paid the interest now due, and that annually accruing, upon a certain bond given in behalf of the trustees of said seminary to the board of directors or trustees of the Lebanon academy, and shall, at the termination of the period and term of this lease, deliver up, quiet and full possession, the within-named property to the party of the first part."

There was no evidence that the terms of the lease were complied with by the defendant.

The defendant presented the following points:

1. The plaintiff corporation acquired the right to hold property by license from the state through its act of incorporation, for the purposes and objects of its organization only; and by ceasing to maintain a seminary for educational purposes the rights it had acquired vested in the commonwealth, and the legislature had the right to declare the buildings and lot of ground, for the recovery of which this action has been brought, to be a common school house and to be used and taken into possession by the school directors of Lebanon; and if the jury believe that the plaintiff had abandoned the property and the school board had

taken possession of the same under and by virtue of the act of assembly of 1853, then the verdict must be for the defendant. *Ans.* Refused.

2. If the jury believe that the said plaintiff assented to the act of assembly of 1853, and also believe that this action is not brought to resume the possession of the property in controversy, for the purpose of re-establishing the said Female Seminary, then the verdict must be for the defendant. *Ans.* Refused.

3. If the act of 1853 is a constitutional exercise of legislative power, then the lease made between the school board and the plaintiff is of no avail, as the directors of the school board had no power or authority to make it. *Ans.* Refused.

4. If the jury believe that the conditions upon which the legislature gave the property in contest to the school board was complied with by the school board, in paying or satisfying the $450 owing by said Seminary to the Lebanon academy, then the verdict must be for the defendant. *Ans.* Refused.

5. That under the law and the evidence the verdict should be for the defendant. *Ans.* Refused.

6. That under the act of incorporation of the plaintiff corporation the state had the right, through its legislature, to revoke, alter, or annul plaintiff's charter at any time it may think proper; and the act of 1853 declaring the buildings and lot of ground in controversy to be a common school house and to be used and taken into possession by the school directors of Lebanon, upon the condition and with the reservation in said act contained, was a constitutional and rightful exercise of the power contained in the contract of incorporation of the plaintiff. *Ans.* Refused.

The court gave binding instructions in favor of the plaintiff. Verdict and judgment accordingly.

The assignments of error specified the refusal of defendant's points as above.

*Wm. M. Derr* and *Capp & Schock,* for plaintiff in error.— When a corporation for a public purpose ceases to subserve the aim and end of its creation, it forfeits its rights under the charter; and its real estate immediately vests in the commonwealth. Leazure v. Hillegas, 7 Serg. & R. 313; Goundie v.

Northampton Water Co. 7 Pa. 233; Erie & N. E. R. Co. v. Casey, 26 Pa. 287.

"All presumptions are in favor of the constitutionality of an act of assembly." If the act itself is within the scope of its authority, it must stand; and we are bound to make it do so, if it will upon any intendment. Craig v. First Presby. Church, 88 Pa. 46, 32 Am. Rep. 417; Pennsylvania R. Co. v. Riblet, 66 Pa. 169, 5 Am. Rep. 360; Erie & N. E. R. Co. v. Casey, 26 Pa. 317.

The facts necessary to make the law valid must be taken as true, as an inference from the law itself. Crease v. Babcock, 23 Pick. 334, 34 Am. Dec. 61; Cooper v. Telfair, 4 Dall. 14, 1 L. ed. 721.

The words "upon condition" in the act mean "on the terms;" and this best effectuates the intention of the parties. Meanor v. M'Kowan, 4 Watts & S. 302.

The words "on condition," although apt words to express a condition, yet do not necessarily mean a condition in the strict legal sense of the words, but to effectuate the intention of the parties may be construed to mean contract or stipulation. Hayne v. Cummings, 10 L. T. N. S. 341; Campbell v. Shrum, 3 Watts, 60; Paschall v. Passmore, 15 Pa. 295.

If the act of assembly of 1853 is constitutional, and the words "upon condition" not a condition precedent, but a promise to pay the sum of money aforesaid as a consideration for the use and possession of said property, in the absence of proof on the part of the plaintiff that the debt was not paid, the lapse of over thirty years raised the presumption of payment; and the verdict should have been for the defendant, on the fact of the presumption of payment not having been rebutted. Bentley's Appeal, 99 Pa. 500.

The rule of presumption of payment prevails in judgments, mortgages, recognizances, and, indeed, in every species of security for payment of money. Van Loon v. Smith, 103 Pa. 238; Caverow v. Mutual Benefit L. Ins. Co. 52 Pa. 287.

If the act of assembly of 1853 is constitutional, and the expression "upon condition" is not a condition precedent, then the school board was, under the said act, in lawful possession of the building and lot, at the time of the making of the lease, and had been in that possession for sixteen years prior thereto.

If one having no right induces him in possession to accept a

lease and become a tenant, the presumption is that it was by misrepresentation of fact or law, or both; and it will require but slight proof on this ground to dissolve the relation of landlord and tenant, and permit the defendant to avail himself of the merits of his title.   Hockenbury v. Snyder, 2 Watts & S. 240; Baskin v. Seechrist, 6 Pa. 154; Boyer v. Smith, 5 Watts, 55.

*Grant Weidman* and *J. P. S. Gobin,* for defendant in error.— The effect of the lease of August 22, 1870, was to create between the parties the relation of landlord and tenant; and the school district by entering into the lease and taking possession of the premises under it, is estopped from denying the title of the female seminary.    Boyer v. Smith, 5  Watts,  64; Thayer v. Society of United Brethren, 20 Pa. 62.

Harrisburg School Dist. v. Long, 7 Sad. Rep. 337, decided that in an action for rent reserved in a lease, it is not (without proof that the lessee while in possession was led by the fraud of the lessor to execute the lease) a good defense that the lessee executed the lease in ignorance of his rights, and was in fact the owner of the premises; and that when a lease had been executed under a mistake, but without fraud on the part of the lessor, the tenant cannot introduce evidence to impeach his lessor's title. The act of 1853 was unconstitutional.    Pittsburgh v. Scott, 1 Pa. St. 315.

PER CURIAM:
There are three good reasons why this case should be affirmed: (1) The thirteenth and fourteenth sections of the act of the 14th of April, 1853, by which the legislature undertook arbitrarily to transfer the property of the trustees of the Lebanon Female Seminary to the school directors of the borough of Lebanon is unconstitutional and void; (2)  the  school district never accepted of nor complied with the condition of said act; (3) the school directors occupied the disputed premises under a lease from the trustees; and as this lease was executed in good faith by the lessors, the case is ruled, *inter alia,* by Harrisburg School Dist. v. Long, 7 Sad. Rep. 337.

The judgment is affirmed.